AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

### for the
Eastern District of Virginia

FILED

MAY 1 3 2022

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No.  2:22sw___69 |
| FIVE CELLULAR PHONES RECOVERED FROM A RESIDENCE ON WARRIQUE ROAD IN IVOR, VIRGINIA ON MAY 2, 2022 | ) ) ) | **UNDER SEAL** |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
    See Attachments A1 - A5

located in the _____ Eastern _____ District of _____ Virginia _____ , there is now concealed *(identify the person or describe the property to be seized):*
    See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

The application is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Reviewed by AUSA/SAUSA:*

_____
*Applicant's signature*

William B. Jackson
*Printed name and title*

Nicholas Ivone, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____05/13/2022_____

_____
*Judge's signature*

City and state: Norfolk, VA

Magistrate Judge Robert J. Krask
*Printed name and title*

## **ATTACHMENT A-1**

The property to be searched is an Apple iPhone in a brown/red case that was recovered from a residence on Warrique Road in Ivor, Virginia on May 2, 2022.

The phone is currently located at the ATF Norfolk Field Office, 200 Granby Street, Suite 339, Norfolk, Virginia 23510.

This warrant authorizes the forensic examination of the device for the purpose of identifying the electronically stored information described in Attachment B.



## ATTACHMENT A-2

The property to be searched is an Apple iPhone in a black case that was recovered from a residence on Warrique Road in Ivor, Virginia on May 2, 2022.

The phone is currently located at the ATF Norfolk Field Office, 200 Granby Street, Suite 339, Norfolk, Virginia 23510.

This warrant authorizes the forensic examination of the device for the purpose of identifying the electronically stored information described in Attachment B.



## ATTACHMENT A-3

The property to be searched is a Samsung model SM-A025V cellular telephone, bearing SN number R9HRB08A8VK and IMEI number 350039082839170, that was recovered from a residence on Warrique Road in Ivor, Virginia on May 2, 2022.

The phone is currently located at the ATF Norfolk Field Office, 200 Granby Street, Suite 339, Norfolk, Virginia 23510.

This warrant authorizes the forensic examination of the device for the purpose of identifying the electronically stored information described in Attachment B.



## ATTACHMENT A-4

The property to be searched is a UMX cellular telephone with a cracked screen, bearing MEID HEX number 99001564896959 and SN number 693CL20421015480, that was recovered from a residence on Warrique Road in Ivor, Virginia on May 2, 2022.

The phone is currently located at the ATF Norfolk Field Office, 200 Granby Street, Suite 339, Norfolk, Virginia 23510.

This warrant authorizes the forensic examination of the device for the purpose of identifying the electronically stored information described in Attachment B.



## ATTACHMENT A-5

The property to be searched is an Alcatel cellular telephone with a blue back, bearing IMEI number 015249002223796, that was recovered from a residence on Warrique Road in Ivor, Virginia on May 2, 2022.

The phone is currently located at the ATF Norfolk Field Office, 200 Granby Street, Suite 339, Norfolk, Virginia 23510.

This warrant authorizes the forensic examination of the device for the purpose of identifying the electronically stored information described in Attachment B.



## ATTACHMENT B

1. In this attachment, the terms "records," "documents," and "materials" include all of the below items in whatever form and by whatever means such records, documents, or materials, their drafts, or their modifications may have been created or stored, including but not limited to:

    a. Any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, photographs, and photocopies);

    b. Any mechanical form (such as printing or typing); and

    c. Any electrical, electronic, or magnetic form (such as compact dicks (CDs) or any information on an electronic or magnetic storage device, such as memory cards, micro-processor computer chips commonly referred to as SIM cards, smart cards, floppy diskettes, hard disks/drives, external drives, thumb drives, memory calculators, and electronic notebooks, as well as printouts or readouts from any magnetic storage device).

2. Records, documents, and materials pertaining in any way to the matters noted below, as contained in the devices' memory, and items including but not limited to call logs, caller identification displays, telephone books/contact lists, calendars/schedulers, e-mails, electronic notes and messages, tasks lists, evidence from mobile applications, and photographs:

    a. The identification and location of others involved in federal crimes of illegal firearm possession;

    b. The use of false identities and identifications in furtherance of federal crimes of illegal firearm possession;

    c. The date, time, and substance of communications among those involved in federal crimes of illegal firearm possession;

    d. The cities/merchants/stores/post offices visited by those involved in federal crimes of illegal firearm possession as well as the travel and lodging arrangements pertaining to the same;

    e. The transfer of monies and/or proceeds from federal crimes of illegal firearm possession; and

    f. The monies obtained as a result of federal crimes of illegal firearm possession.

    (All of the above being fruits, instrumentalities, and evidence of violations of 18 U.S.C. § 922(g)(1))

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF FIVE CELLULAR PHONES RECOVERED FROM A RESIDENCE ON WARRIQUE ROAD IN IVOR, VIRGINIA ON MAY 2, 2022: | Case No. 2:22sw____<br><br>**Filed Under Seal** |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Special Agent Nicholas Ivone, being first duly sworn, hereby depose and state as follows:

**Introduction and Agent Background**

1.       I have been employed as an ATF Special Agent since January 2016. I am an investigator or law enforcement officer of the United States within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a federal agent empowered to conduct investigations and engaged in enforcing the federal criminal statutes. I am currently investigating Malik NEWSOME for federal firearms violations.

2.       As part of my employment, I have successfully completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center and the ATF National Academy Special Agent Basic Training Program in Glynco, Georgia. As graduate of the Federal Law Enforcement Training Center Criminal Investigator Training Program, I received specialized narcotics training. As a graduate of the ATF National Academy, I received specialized training in federal firearms regulations.

3.       I am familiar with the facts and circumstances of this investigation based on firsthand knowledge and information summarized in reports I have reviewed. I have compiled information derived from discussions and interviews with experienced law enforcement officers

and agents. I have not set forth each and every fact learned during the course of this investigation, but have only set forth those facts that I believe are relevant to establish probable cause to obtain a search warrant.

### Property to Be Searched

4.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant for information associated with the following five cellular phones (the **SUBJECT TELEPHONES**) seized on May 2, 2022, from a residence on Warrique Road in Ivor, Virginia, where Mallik NEWSOME was staying:

- an Apple iPhone in a brown/red case;

- an Apple iPhone in a black case;

- a Samsung model SM-A025V cellular telephone, bearing SN number R9HRB08A8VK and IMEI number 350039082839170;

- a UMX cellular telephone with a cracked screen, bearing MEID HEX number 99001564896959 and SN number 693CL20421015480; and

- an Alcatel cellular telephone with a blue back, bearing IMEI number 015249002223796.

5.      These phones are described further in Attachments A1 through A5. The applied-for warrant would authorize the forensic examination of the **SUBJECT TELEPHONES** to identify the electronically stored data described in Attachment B.

### Pertinent Federal Criminal Statute

6.      This warrant is sought in support of an investigation into the following criminal federal criminal statute:

- 18 U.S.C. § 922(g)(1)—felon in possession of a firearm.

2

## Facts Supporting Probable Cause

7.     On December 23, 2017, in Southampton County, Virginia, Malik NEWSOME was traveling as the front passenger in a red 1998 Honda sedan in a funeral procession for a fellow Bloods gang member. NEWSOME observed a vehicle that was unrelated to the procession merge into it. So NEWSOME pulled out his loaded Sig Sauer, Model P226, 9mm caliber semi-automatic pistol and brandished it at the driver of the other vehicle.

8.     In response, the driver of the other vehicle pulled off the road, called 911, and reported NEWSOME's actions to the dispatcher. The driver gave a description of the red sedan, provided the license plate number, and explained that the front passenger brandished a gun at the driver.

9.     Police responded to the call, lawfully stopped and searched the red sedan, and recovered the Sig Sauer from underneath the front passenger seat where NEWSOME had been sitting. After NEWSOME was arrested and read the *Miranda* warnings, he told the police that his fingerprints may be on the gun, admitting to handling it on a previous occasion.

10.    NEWSOME had previously been convicted of at least one felony punishable by more than one year in prison and had not had his right to own a firearm restored. The Sig Sauer handgun was manufactured outside the state of Virginia and had traveled in interstate and foreign commerce. At the time NEWSOME possessed the gun, it had been reported stolen.

11.    On September 20, 2018, in Case Number 2:18-cr-148, NEWSOME was indicted by a federal grand jury sitting in Norfolk, Virginia on one count of being a felon in possession of a firearm. ECF No. 1. A month later, he was arrested and detained pretrial. ECF Nos. 10, 16.

12.    On January 15, 2019, NEWSOME pleaded guilty to the felon-in-possession count charged in the indictment. ECF No. 19. And on June 4, 2019, Chief United States District Judge

Mark S. Davis sentenced NEWSOME to 27 months in prison and three years of supervised release. ECF Nos. 32–33.

13.     On December 4, 2020, NEWSOME reported to the U.S. Probation Office to begin his term of supervised release.

14.     On May 14, 2021, NEWSOME's probation officer filed a petition on supervised release reporting that NEWSOME had committed several violations, including: failure to satisfactorily participate in a substance abuse program; failure to satisfactorily participate in a mental health treatment program; failure to appear in court on an outstanding North Carolina firearm charge; failure to follow the instructions of the probation officer; and possession of cocaine and marijuana. The petition stemmed in part from NEWSOME's admission to the probation officer that he had used marijuana almost daily while on supervised release and from his submitting a urine specimen that tested positive for both cocaine and marijuana. ECF No. 51.

15.     On May 28, 2021, the probation officer submitted an addendum to the original petition because NEWSOME had stopped communicating with her completely. ECF No. 54. The probation officer concluded that NEWSOME had absconded from supervision, so Chief Judge Davis issued a warrant for NEWSOME's arrest. ECF No. 56.

16.     On May 2, 2022, deputy U.S. marshals, with the assistance of ATF and HSI agents, executed NEWSOME's arrest warramt at a residence on Warrique Road in Ivor, Virginia. They observed NEWSOME inside the screened-in porch at the front of the residence. NEWSOME spotted the deputy marshals and agents, ignored their orders to surrender, and immediately retreated into the residence. After a short period of time, NEWSOME came back out through the front door and surrendered.

17.    Once in custody, NEWSOME shouted his cell phone's passcode to his grandmother, D.N., who was one of the homeowners present at the scene. NEWSOME then told the deputy marshals and agents not to take his phone.

18.    After one investigator removed NEWSOME from the premises, another investigator secured D.N.'s consent to search the residence. D.N. also confirmed that NEWSOME had been staying at the residence and sleeping on the couch in the front room.

19.    The investigators searched the screened-in porch where NEWSOME had been observed just before his arrest, recovering **the two iPhones** from on top of a couch next to a Q-tip. They also recovered from underneath the couch cushions a disassembled pistol and a marijuana

 

smoking device next to several Q-tips with a dark residue on the tips, consistent with gun-cleaning procedures. The disassembled pistol included "the frame or receiver of" a firearm and thus satisfies the federal definition of "firearm" under 18 U.S.C. § 921.

20.     Next to the couch were a plastic cup and a suitcase. The investigators recovered from inside the cup several rounds of ammunition. And from inside the suitcase, they recovered notes containing rap lyrics, including lyrics about committing crimes of violence, as well as an additional cell phone—**the Alcatel phone with a blue back**.

21.     Inside the house, the investigators searched the couch that D.N. said NEWSOME had been sleeping on in the front room that the investigators had seen NEWSOME enter just before his arrest. They recovered **the Samsung and UMX cell phones** from inside a black zipper bag lying on the couch. Also inside that bag was a debit card with NEWSOME's name on it, as well as a gold chain that investigators had observed him wearing in several pictures posted on social media. Finally, the investigators found inside the bag social security cards for two different women residing in North Carolina. Law enforcement databases show that NEWSOME's name is tied to both women's addresses.

 

**Specifics of Search and Seizure of Electronic Devices**

22.     Based on my knowledge, training, and experience, I know that electronic devices store information for long periods of time. Similarly, electronic correspondence is typically stored for some period of time on these devices. This information can sometimes be recovered with forensic tools.

*23.     Forensic evidence.* As further described, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the **SUBJECT**

7

TELEPHONES were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the SUBJECT TELEPHONES because:

    a.    Data on a storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

    b.    Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

    c.    A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

    d.    The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.  Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

f.  I know that cell phones are a recognized tool to promote illegal firearm possession and that those committing gun crimes often use cell phones to facilitate their crimes. For example, criminals tend to take photos, often called "glamour shots" or "trophy photos," of items involved in their crimes (such as guns).

g.  I also know that when an individual uses an electronic device to facilitate crimes involving firearm possession, the individual's electronic device will generally serve both as an instrumentality for committing the crime and also as a storage medium for evidence of the crime. The electronic device is an instrumentality of the crime because it is used as a means of committing the criminal offense. From my training and experience, I believe that an electronic device used to commit this type of crimes may contain data that is evidence of how the electronic device was used, data that was sent or received, and other records that indicate the nature of the offense.

24.   *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the devices consistent with the warrant. The examination may require authorities to employ techniques, including, but not limited to, computer–assisted scans of the entire medium that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

25.   *Manner of execution.* Because this warrant seeks permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the

9

physical intrusion onto a premises. Consequently, I submit there is probable cause for the Court to authorize execution of the warrant at any time in the day or night.

## Conclusion

26.     Based on the above facts, there is probable cause to believe that the **SUBJECT TELEPHONES** contain evidence of crimes, including felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

27.     I thus request that a warrant be issued authorizing ATF agents and task force officers, with assistance from other law enforcement personnel, to search the item listed in Attachment A for information summarized in Attachment B.

Further your affiant sayeth naught.

Nicholas Ivone, Special Agent
Bureau of Alcohol Tobacco and Firearms and Explosives

Sworn and subscribed to before me this ___13th___ day of May 2022.

UNITED STATES MAGISTRATE JUDGE